**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DENISE AKERS,**

*Plaintiff*,

v.                                                                                    **Civ. No. 1:23-cv-1144**

**PROLINK HEALTHCARE LLC,
PRESBYTERIAN HOSPITAL, ASC, LLC,
PRESBYTERIAN HEALTHCARE
SERVICES,**

*Defendants.*

---

**PLAINTIFF'S COMPLAINT
(JURY TRIAL DEMANDED)**

---

Plaintiff DENISE AKERS by and through the undersigned counsel of record respectfully submits this Complaint for worker's compensation retaliation in violation of New Mexico State Law under *Michaels v. Anglo Am. Auto Auctions, Inc*., 1994-NMSC-015, 117 N.M. 91, 93 869 P.2d 279, 281 (1994) and Section 52-1-28.2 of the New Mexico Worker's Compensation Act.

### I. PARTIES AND JURISDICTION

1.      Plaintiff Denise Akers is a licensed registered nurse who, at the time of the violations herein, was a travling nurse working at Presbyterian Hospital in the city of Albuquerque, New Mexico. Ms. Akers is a resident of Palm Coast, Florida.

2.      Defendant Prolink Healthcare LLC is registered as an Ohio Corporation providing temporary staffing services, with its principal office address located at 4600 Montgomery Road, Suite 300, in Cincinatti, Ohio. Prolink Healthcare LLC is an employer subject to the anti-retaliation provisions of the New Mexico common law as codified in the Workers' Compensation Act, NMSA 1978, Section 52-1-28.2. Prolink Healthcare LLC's registered agent for service of process is FBT

1

Ohio, Inc., 301 East Fourth Street, Suite 3300, Cincinatti, Ohio, 45202.

3.      Defendant Presbyterian Hospital ASC, LLC is registered as a New Mexico Domestic Corporation providing health services, with its principal place of business located at 201 Cedar Street, Southeast, #7650, Albuqurque, New Mexico, 87106. Presbyterian Hospital ASC, LLC is an employer subject to the anti-retaliation provisions of the New Mexico common law as codified in the Workers' Compensation Act, NMSA 1978, Section 52-1-28.2. Presbyterian Hospital ASC, LLC's registered agent for service of process is CT Corporation System, with a physical address of 206 South Coronado Avenue, Espanola, New Mexico, 87532.

4.      Defendant Presbyterian Healthcare Services is a New Mexico Domestic Nonprofit Corporation providing health services, with its principal place of business located at 9521 San Mateo Boulevard, NE, Albuquerque, New Mexico 87113. Presbyterian Healthcare Services is an employer subject to the anti-retaliation provisions of the New Mexico common law as codified in the Workers' Compensation Act, NMSA 1978, Section 52-1-28.2. Presbyterian Healthcare Services's registered agent for service of process is CT Corporation System, with a physical address of 206 South Coronado Avenue, Espanola, New Mexico, 87532.

5.      Federal Jurisdiction is proper in the District Court of New Mexico because complete diversity exists between Plaintiff and Defendants and Plaintiff's damages exceed the amount in controversy exceeds the sum set out under 28 U.S.C. § 1332(a).

## II. FACTUAL BACKGROUND

6.      On November 11, 2020, Defendant ProLink Healthcare, LLC offered Plaintiff Denise Akers a position to work as a registered nurse at the Presbyterian Hospital located at 1100 Central Avenue, SE, Albuquerque, New Meixco, 87106. Ms. Akers accepted the position on the same day.

7.      Under New Mexico law, Defendant ProLink Healthcare, LLC was Ms. Akers general employer. Defendants Presbyterian Hospital ASC, LLC and Presbyterian Healthcare Services – who either jointly or individually manage all or a part of the operations of the hospital where Ms. Akers was to work – were Ms. Akers' special employers.

8.      Under Ms. Akers' contract, she was expected to work at least 60 hours per week, with pay and benefits to include, but not limited to, a regular pay rate of $89.28 per hour for the first 40 hours and overtime pay of $133.92 per hour. She was also to receive a weekly per diem loding amount of $672.00 and a weekly per diem for meals and incidentals of $385.00.

9.      The period of Ms. Akers original contract was November 16, 2020 to February 13, 2021 and would be renewed in 13 week increments.

11.     Ms. Akers anticipated that her contract terms would continue to be renewed because her performance in her job role was excellent.

12.     On December 23, 2020, Ms. Akers sustained an injury to her foot and likewise filed a First Report of Injury on December 23, 2020, as required by the New Mexico Worker's Compensation Act to preserve her rights.

13.     Ms. Akers reported to her supervisor, Ed Chargon, that due to her injury to her foot, she require reasonable accomodations to limit the amount of standing she would do during her shifts. Mr. Chargon expressed frustrated animus toward Ms. Akers as she advised him of her injury.

14.     Mr. Chargon transferred Ms. Akers to a vaccine clinic which, in fact, required her to stand more than she had been "on the floor."

15.     Within the period of approximately two weeks prior to the end of her first contract period, ProLink Healthcare, LLC advised Ms. Akers that her contract term would be extended to

3

a term of another 13 weeks.

16.     Ms. Akers discussed her placement within the vaccine clinic with her supervisor, Ed Chargon, and expressed that she would be better suited back on the floor but simply with reduced hours to accommodate her foot injury. Ed Chargon, on the final day of the contract period, then advised Ms. Akers that he would not be renewing her contract period.

17.     Despite having been advised by ProLink Healthcare, LLC that her contract would be renewed for the period February 14, 2021 through May 16, 2021, and despite satisfactory job performance, manager Ed Charcon advised Ms. Akers that her contract, in fact, would not be renewed. This decision was made as a direct and proximate result of Ms. Akers Worker's Compensation filing and Defendants' either failure, neglect, or refusal to accommodate Ms. Akers return to work for the continued period.

### III. CAUSE OF ACTION

### COUNT I –
### WORKER'S COMPENSATION RETALIATION
### ALL DEFENDANTS

18.     The New Mexico Supreme Court has held that an employee who suffers a wrongful discharge in retaliation for filing a worker's compensation claim has a cause of action independent from the relief provided in the Workers' Compensation Act. See NMSA 1978, Section 52-1-28.2 (Repl. Pamp. 1991) and *Michaels v. Anglo American Auto Auctions, Inc*., 117 N.W. 91, 93, 869 P.2d 279, 281 (1994); *see also*, *Hartwell v. Southwest Cheese Co.,* 276 F. Supp. 3d 1188, (D.N.M. May 24, 2016)

19.     Plaintiff filed for Worker's Compensation in New Mexico, in furtherance of an end that public policy encourages.

20.     Defendants knew of Plaintiff's Worker's Compensation filing both by virtue of the filing and notice of filing itself and by the conversations Ms. Akers had with her supervisor, Ed Chargon.

21.     Defendants decision to discharge Ms. Akers from her renewed contract was a direct and proximate result of her filing for Worker's Compensation benefits.

## IV. DAMAGES

22.     Plaintiff seeks compensation for all damages allowable under New Mexico law, to include:

a. the value of all benefits lost during her contract period, including regular and overtime wages,

b. 401(k) contributions,

c. the value of her per diem payments,

d. punitive damages and all statutory damages allowable under New Mexico Law.

e. all reasonable attorney's fees, costs, and disbursements allowable under New Mexico Law.

## V. PRAYER

## JURY TRIAL DEMANDED

Wherefore, Plaintiff prays that Defendants be summoned and appear in this lawsuit, and that upon presentation of these issues, that Plaintiff ultimately take judgment against Defendants for the compensatory and punitive damages alleged herein in such amounts allowed by law and as determined by the fact finders in this case and costs of this action.

Respectfully Submitted,

HILLIARD LAW

Dated: December 22, 2023  By: */s/ Matthew L. McMullen*
          Matthew L. McMullen
          Federal Bar No. 22-311
          mmcmullen@hilliard-law.com
          719 S. Shoreline Blvd.
          Corpus Christi, Texas 78401
          Telephone No. 361-882-1612
          Facsimile No. 361-882-3015
          *Service@hilliard-law.com
          *Service by email to this address only